ZELMO WILKES v. THE STATE.

No. 7230.   Decided November 29, 1922.

**Murder—Requested Charges—Practice on Appeal.**

Where, upon trial of murder, certain requested charges are asked but nothing appears in the record on appeal at what time in the trial said charges were presented, the same cannot be considered on appeal, and the evidence being sufficient to sustain the conviction, there is no reversible error.

Appeal from the Criminal District Court of Tarrant.   Tried below before the Honorable George E. Hosey.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State. On question of refusal of requested charges; Whitley v. State, 90 Texas Crim. Rep., 503.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of the offense of murder, and his punishment fixed at ten years in the penitentiary.

The statement of facts reflects a case in which the deceased, a negro whose legs had been cut off at some prior time, was killed by a shotgun-wound inflicted by appellant. A witness testified that appellant told him a few minutes after the killing that he went up behind deceased, called him, and as the latter turned, shot him. The wound inflicted upon the deceased was in the side, and, according to the testimony, showed to have been fired at such close range as that the bulk of the shot entered at one place. A witness testified that he judged from the wound that the distance between the parties was not over fifteen feet. Appellant's defensive theory was that his wife had left him and taken up with deceased, and that his mental condition was such as that he could have been in no event guilty of an offense greater than manslaughter. The charge of the trial court seems to have been satisfactory to appellant, and these issues of fact were decided against him by the jury under the instructions of the court. The record presents the fact that certain special charges were asked, but nothing appears in said record showing at what time in the trial said charges were presented. Neither by notation thereon by the trial judge nor by any bill of exceptions in the record is it made to appear that said charges were presented after the introduction of the evidence and before the argument. This has been uniformly held to be necessary in order to entitle the refusal of such charge to consideration at our hands.

The record presenting no error, an affirmance will be ordered.

*Affirmed.*